```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
HECTOR ROMULO MARTINEZ,

                                        Plaintiffs,          COMPLAINT

              -against-

PANINI LA CAFÉ INC d/b/a
PANINI LA CAFÉ, PANINI CAFÉ CORP
d/b/a PANINI LA CAFÉ, and
JOSEPH TELLER, individually

                                        Defendants.
-------------------------------------------------------------------------------X
```

Plaintiff Hector Romulo Martinez, on behalf of himself and others similarly situated, by and through his attorney, The Law Offices of Jacob Aronauer, complaining of Panini La Café Inc d/b/a Panini La Café, Panini Café Corp d/b/a Panini La Café, and Joseph Teller ("Teller") individually (collectively "Defendants"), allege the following:

## PRELIMINARY STATEMENT

1. This is a civil action brought by Plaintiff to recover unpaid overtime compensation, statutory penalties, compensatory and punitive damages, and other damages for Plaintiff under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

2. Plaintiff works as salad makers and kitchen workers at Panini La Café, owned and operated by Teller.

3. Plaintiff brings this action to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the restaurant owned and controlled by Defendants located in Brooklyn, New York.

4. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

5. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

9. Plaintiff is and was at all times relevant hereto an individual residing in Kings County, New York and was employed by Defendants in Brooklyn, New York.

10. Plaintiff has been working at Defendant's from on or about January 2002 through the present.

11. Plaintiff is employed as a salad maker and also is in charge of the grill. Plaintiff also helps prepare pizzas and works as a cashier when necessary.

12. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

13. Panini La Café is a restaurant incorporated in the State a New York located at 45 Lee Avenue, Brooklyn, New York 11211.

14. Upon information and belief, Panini La Café has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

15. Upon information and belief, Joseph Teller is the owner of Panini La Café. Teller has owned and maintained control, oversight and the direction of Panini La Café.

16. Teller is a person engaged in business in King's County who is sued individually in his capacity as an owner, officer and/or agent of Panini La Café.

17. Teller exercises sufficient control over Panini La Café to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Panini La Café.

18. Defendants jointly employed Plaintiff at all times relevant.

19. Defendants have had substantial control over Plaintiff's working conditions and the practices alleged herein.

## FACTS

**Plaintiff's Employment at Panini La Café**

20. From January 2002 through the present, Plaintiff has been employed as a salad maker on behalf of Defendants.

21. Plaintiff's responsibilities at Panini La Café include preparing and making salads and working at the grill. Plaintiff would also help prepare pizzas and work at the cash register when necessary.

22. Throughout his employment with Defendants, Plaintiff worked more than 40 hours each week.

23. Throughout his employment with Defendants, even though Plaintiff was not exempt, the majority of the time Plaintiff was not paid correctly for the overtime he worked.

24. Throughout Plaintiff's employment, Defendants paid Plaintiff weekly.

25. In the weeks that Defendants did not pay Plaintiff correctly, they paid Plaintiff partially by check and partially by cash.

26. When Defendants did not pay Plaintiff correctly, Defendants failed to provide Plaintiff with any documentation as to his overtime rate of pay.

**Plaintiff's Work Schedule and Salary at Panini La Café**

27. From on or about January 2002 through March 16, 2020, Plaintiff worked 6 days a week (Sunday through Friday) for Defendants.

28. From on or about January 2002 through March 16, 2020, Plaintiff worked approximately 8 hours on Sundays from 8:00 a.m. to 4:00 p.m.

29. From on or about January 2002 through March 16, 2020, Plaintiff worked approximately 11 hours per day on Mondays, Tuesdays, Wednesdays, and Thursdays from 5:00 a.m. to 4:00 p.m.

30. From on or about January 2002 through March 16, 2020, Plaintiff worked approximately 9 to 10 hours per day on Fridays from 6:00 a.m. to 3:00 p.m. or 4:00 p.m.

31. From April 20, 2020 through the present, Plaintiff has been working 6 days a week, (Sunday through Friday) for Defendants.

32. From April 20, 2020 through the present, Plaintiff has been working approximately 8 hours on Sundays from 8:00 a.m. to 4:00 p.m.

33. From April 20, 2020 through the present, Plaintiff has been working approximately 9.5 9.5 hours per day on Mondays, Tuesdays, Wednesdays, and Thursdays from 6:30 a.m. to 4:00 p.m.

34. From April 20, 2020 through the present, Plaintiff has been working approximately 8.5 to 9.5 hours per day on Fridays from 6:30 a.m. to 3:00 p.m. or 4:00 p.m.

35. Plaintiff received meal breaks of approximately thirty minutes per day each day.

36. Throughout Plaintiff's employment with Defendants, even though Plaintiff worked more than 40 hours each week, for the weeks where Plaintiff was not paid correctly, Plaintiff was only paid a flat rate of pay that was not inclusive of overtime.

37. This flat rate of pay each week was done through a combination of cash and check.

38. From approximately 2013 through July 2018, when Plaintiff was not paid correctly, Plaintiff was paid $350 by check and $442 by cash per week.

39. From approximately August 2018 through January 2019, when Plaintiff was not paid correctly, Plaintiff was paid $400 by check and $442 by cash per week.

40. From approximately February 2019 through June 2019, when Plaintiff was not paid correctly, Plaintiff was paid $400 by check and $525 by cash per week.

41. Defendants never discussed overtime compensation or overtime work with Plaintiff.

42. Plaintiff was required to clock in or clock out at the beginning or end of his workday.

**Defendants' Violations of the Wage Theft Prevention Act**

43. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

44. Throughout the relevant time period, Defendants paid Plaintiff wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

45. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
## FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Throughout the relevant time period, Plaintiff worked in excess of forty (40) hours per workweek.

48. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

49. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

50. Defendants' decision not to pay overtime was willful.

51. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53. At all times relevant to the action, Plaintiff was employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR § 142-2.2.

54. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

55. Defendants' failure to pay required overtime was willful.

56. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of the action, including interest, pursuant to the NY Labor Law.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

59. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

60. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

63. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

64. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Panini La Café Inc d/b/a Panini La Café, Panini Café Corp d/b/a Panini La Café, and Joseph Teller, jointly and severally, as follows:

(a) Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(b) Damages for unpaid overtime due to Plaintiff in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(c) Statutory penalties of fifty dollars for each work day that Defendants have failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(d) Statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

(e) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(f) For prejudgment and post judgment interest on the foregoing amounts;

(g) For costs and disbursements of the action, including attorneys' fees; and

(h) For such other further and different relief as the Court deems just and proper.

Dated: September 29, 2020
       New York, New York

                                             **THE LAW OFFICES OF JACOB ARONAUER**

                                             By:   */s/ Jacob Aronauer*
                                                       Jacob Aronauer
                                                       225 Broadway, 3rd Floor
                                                       New York, NY 10007
                                                       Telephone:   (212) 323-6980
                                                       Facsimile:    (212) 233-9238
                                                       jaronauer@aronauerlaw.com

                                                       *Attorney for Plaintiff*